UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00299-CHB-CHL

**JAMES KELLY KEARNEY,**                                                            **Plaintiff,**

**v.**

**MORGAN & POTTINGER, P.S.C.,**                                    **Defendant.**

## **ORDER**

The undersigned held a telephonic status conference in this matter on May 13, 2025. Participating were the following:

| | |
|---|---|
| FOR PLAINTIFF: | James H. Lawson |
| FOR DEFENDANT: | John H. Dwyer, Jr. |
| | Jonathon Trey Shoemaker |
| FOR THIRD PARTY REPUBLIC BANK: | Jeff Moad |

The Court held this telephonic status conference in response to an email from counsel about discovery disputes. Jeff Moad ("Mr. Moad") appeared for the third party Republic Bank. As a preliminary matter, the Court questioned whether counsel for the Defendant had any issues with Republic Bank. After counsel for the Defendant expressed that they did not, the Court excused Mr. Moad from the telephonic status conference because he had nothing further to address in this matter.

The Court then pivoted to resolving discovery disputes. First, counsel addressed determining the deadlines for discovery requests with Kearney Motorsports and its purported counsel Zack VanVactor. The Court expressed that the Parties should handle this issue on their own, but they may contact the Court to schedule another telephonic status conference or file a motion following these efforts.

Second, the Court addressed a dispute about the subpoenas to Kelly Lee Kearney and to Kearney Motorsports. After allowing the Parties to address the matter, the Court expressed that counsel for the Defendant may file a motion to enforce the subpoena, but that it would not direct them to do so.

Third, counsel for the Defendant raised an issue about the need for tax returns. Counsel for the Plaintiff responded that he possessed the tax returns and will send them to counsel for the Defendant by the end of the week.

Fourth, in response to the request for tax returns, counsel for the Plaintiff asked for a confidentiality agreement. The Court directed the Parties to negotiate a mutually agreed upon confidentiality agreement.

Fifth, counsel for the Defendant raised an issue about the form of responses to discovery requests from counsel for the Plaintiff. After allowing the Parties to address the matter, the Court asked counsel for the Plaintiff whether he will commit to resolving these discovery responses in a timely manner. Counsel for the Plaintiff responded that he would do so.

Sixth, counsel for the Defendant raised that the complaint included statutory references to the Fair Credit Reporting Act as opposed to the Fair Debt Collection Practices Act. The Court proposed that the Parties should communicate with each other to resolve these statutory provisions in the complaint, *e.g*., file an amended complaint or tender amended or supplemental discovery responses. However, the Court did not direct the Parties to file a particular pleading or tender a particular discovery response.

At the end of the telephonic status conference, the Court required a status report on discovery within 60 days, providing an update on the matters discussed during this telephonic status conference, as well as whether depositions have been scheduled. In addition, the Court

requested that the status report include whether all documents have been produced and if discovery disputes remained.

Accordingly,

IT IS HEREBY ORDERED that the Parties shall file a Joint Status Report on or before **July 14, 2025**, including:

(1) An update on the matters discussed during this telephonic status conference.

(2) Whether depositions have been scheduled and when.

(3) Whether all documents have been produced.

(4) Whether any discovery disputes remain.

May 14, 2025
cc:  Counsel of record

0|20

Colin H Lindsay, Magistrate Judge
United States District Court

3