Filed          23-CI-00664       08/23/2023        Paulita Keith, Bullitt Circuit Clerk

NOT ORIGINAL DOCUMENT
01/26/2024 12:03:23 PM
86930

*ELECTRONICALLY FILED*

COMMONWEALTH OF KENTUCKY
BULLITT CIRCUIT COURT
CIVIL ACTION NO._____
DIVISION_____

REPUBLIC BANK & TRUST COMPANY                                          PLAINTIFF

VS.                                   **COMPLAINT**

KELLY KEARNEY
353 Lutz Lane
Shepherdsville, Kentucky
Serve by: Bullitt County Sheriff

UNKNOWN SPOUSE, IF ANY, OF KELLY KEARNEY
353 Lutz Lane
Shepherdsville, Kentucky
Serve by: Warning Order Attorney

COMMONWEALTH OF KENTUCKY
(Serve via email)                                                      DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Comes now the Plaintiff, Republic Bank & Trust Company, by and through counsel, and for a cause of action respectfully states as follows:

**FACTS**

1. On or about January 10, 2020, Kelly Kearney ("Kearney") executed and delivered to the Plaintiff a Home Equity Line Agreement (the "Note") with a credit limit of $32,000.00, repayable together with interest as therein stated, a true copy of which is attached hereto as Exhibit "A" and incorporated into this Complaint by reference.

1

Presiding Judge: HON. RODNEY BURRESS (655271)
COM : 000001 of 000007

2. To secure payment of the Note, Kearney, unmarried, simultaneously executed, acknowledged, and delivered to the Plaintiff a Mortgage, a copy of which is attached hereto as Exhibit "B" and incorporated into this Complaint by reference.

3. Said Mortgage was recorded in the office of the County Clerk of Bullitt County, Kentucky on January 30, 2020, in Mortgage Book 1887, Page 259.

4. It was the intent of the parties to the Mortgage that the property securing the Note was property owned by Kearney at 281 Hare Lane, Mount Washington, Kentucky 40047 (the "Hare Property"), but due to a scrivener's error the legal description included in the Mortgage was that of a separate property owned by Kearney located at 353 Lutz Lane, Shepherdsville, Kentucky 40165 (the "Lutz Property"). The common address and PIDN number listed in the Mortgage was for the Hare Property.

5. Kearney is in default under the terms of the Note.

6. The correct amount due on the Note in favor of the Plaintiff is principal in the amount of $31,905.95, plus $1,368.35 in accrued but unpaid interest through August 21, 2023, with interest on the principal balance at the default rate of 14.75%% per annum from and after August 22, 2023, until date of Judgment in this action, plus $100.00 in pre-acceleration late charges, plus $505.00 in loan fees, with interest accruing on the entire balance at the rate of 14.75% per annum from date of Judgment until paid, plus court costs and reasonable attorney fees.

7. Plaintiff sent a Notice of Default and Right to Cure letter dated July 24, 2023, a true and correct copy of which is attached hereto as Exhibit "C" and is incorporated herein by reference.

8. On or about May 23, 2023, Kearney sold and transferred the Hare Property by Deed to third-party purchasers knowing that the Plaintiff's Mortgage should be paid off at the closing but converting the money to his possession instead.

Filed          23-CI-00664          08/23/2023          Paulita Keith, Bullitt Circuit Clerk

NOT ORIGINAL DOCUMENT
01/26/2024 12:03:23 PM
86930

Presiding Judge: HON. RODNEY BURRESS (655271)
COM : 000002 of 000007

Filed                    23-CI-00664        08/23/2023              Paulita Keith, Bullitt Circuit Clerk

NOT ORIGINAL DOCUMENT
01/26/2024 12:03:23 PM
86930
Presiding Judge: HON. RODNEY BURRESS (655271)
COM : 000003 of 000007

9. The Note securing the Mortgage remains unpaid.

10. Importantly, the legal description contained in Plaintiff's Mortgage for the Lutz Property is owned in fee simple by Kearney and a third-party title exam shows the Mortgage is indexed against the Lutz Property in the office of the Bullitt County Clerk.

### Count 1 – Breach of Contract

11. Plaintiff repleads, realleges and incorporates the allegations in paragraphs 1-10 above as though fully set forth herein.

12. Kearney is in default under the terms of the Note he executed and delivered to Plaintiff for failing to make payments on time and in full, and the Plaintiff is entitled to a personal Judgment against Kearney for the full balance owing on the Note plus costs and reasonable attorney fees.

### Count 2 – Unjust Enrichment

13. Plaintiff repleads, realleges and incorporates the allegations in paragraphs 1-12 above as though fully set forth herein.

14. Defendant Kearney received the proceeds of the Note in the amount $32,000.00, failed to repay the Plaintiff the amounts owing, knowingly transferred the Hare Property to a third-party while converting funds from the closing that could be used to pay the Plaintiff in full, and has refused to pay the balance of Note as he contractually agreed.

15. Defendant Kearney has been unjustly enriched and is liable to the Plaintiff for the full balance owing on the Note.

### Count 3 – Declaration of Rights to Lutz Property Mortgage

16. Plaintiff repleads, realleges and incorporates the allegations in paragraphs 1-15 above as though fully set forth herein.

17. Plaintiff's Mortgage was indexed and attached to the Lutz Property that is owned free

3

and clear by Kearney.

18. Plaintiff seeks a Declaratory Judgment from the Court that the Mortgage lawfully encumbers the Lutz Property and that Plaintiff's Mortgage lien interest is valid and enforceable against the Lutz Property in this action.

### Count 4 – Constructive Trust for Lutz Property

19. Plaintiff repleads, realleges and incorporates the allegations in paragraphs 1-18 above as though fully set forth herein.

20. Plaintiff and Kearney intended the Hare Property to serve as collateral for the Note.

21. Kearney knowingly sold and transferred title to the Hare Property, failed to pay the Plaintiff's Note balance, and was unjustly enriched through keeping the proceeds of the sale of the Hare Property.

22. The Plaintiff is entitled to a Constructive Trust as against the Lutz Property and the Lutz Property should be sold with the proceeds going to payment of the Plaintiff's Note.

### Applicable to All Counts

23. Plaintiff repleads, realleges and incorporates the allegations in paragraphs 1-22 above as though fully set forth herein.

24. The Plaintiff has referred this claim to counsel who are not its regularly salaried employees and, pursuant to the terms of the Note, Mortgage, and KRS 411.195, is entitled to recover its reasonable attorney fees.

25. The Defendants and any unknown Defendants named, may have an interest in the Lutz; each Defendant is hereby called upon to assert whatever interest they may have in and to the subject property or be forever barred.

26. Unknown Spouse, if any, of Kelly Kearney, is called upon to assert any interest he/she

4

Filed                    23-CI-00664    08/23/2023              Paulita Keith, Bullitt Circuit Clerk

NOT ORIGINAL DOCUMENT
01/26/2024 12:03:23 PM
86930

may have in the subject property or be forever barred.

27. The Commonwealth of Kentucky is named as a defendant by virtue of that certain Property/Bail Bond recorded in Enc Book 68, Page 225 in the office of the Bullitt County Clerk. Said defendant is called upon to come forth and assert its interest in the Lutz Property or be forever barred.

28. The Plaintiff states that except as herein set forth, there are no other liens or encumbrances against the subject property known to it.

29. If the court declares that Plaintiff has either a valid Mortgage on the Lutz Property or an equitable interest through constructive trust, then the lien of the Plaintiff on the property hereinabove described is prior and superior to any and all other liens on the subject property as the law and facts may reveal with the exception of ad valorem taxes and matters hereinafter set out. If said property is ordered sold by this Court in this action, the purchaser should take the property free and clear of any claims, liens and encumbrances except the following:

    A.    All ad valorem real property taxes due or to become due.

    B.    Easements, restrictions, covenants of record, and applicable zoning ordinances.

    C.    Assessments for public improvements levied against the property.

    D.    Any facts which an inspection and accurate survey of the property may disclose.

30. The subject property is indivisible, and it cannot be divided without materially impairing its value or the value of the Plaintiff's interest therein.

31. If there is a mobile home and/or manufactured house on the premises which is the subject of this litigation, then the mobile home and/or manufactured house, if it is attached to the

5

Presiding Judge: HON. RODNEY BURRESS (655271)
COM : 000005 of 000007

Filed              23-CI-00664      08/23/2023           Paulita Keith, Bullitt Circuit Clerk

NOT ORIGINAL DOCUMENT
01/26/2024 12:03:23 PM
86930

premises, shall be appraised, advertised, and sold with the real estate.

**WHEREFORE,** the Plaintiff demands:

1. Judgment against Kelly Kearney for principal in the amount of $31,905.95, plus $1,368.35 in accrued but unpaid interest through August 21, 2023, with interest on the principal balance at the default rate of 14.75%% per annum from and after August 22, 2023, until date of Judgment in this action, plus $100.00 in pre-acceleration late charges, plus $505.00 in loan fees, with interest accruing on the entire balance at the rate of 14.75% per annum from date of Judgment until paid, plus court costs and reasonable attorney fees.

2. Judgment against Kelly Kearney for any amounts paid by the Plaintiff during the pendency of this action for insurance, taxes and other charges with interest on such sums at the Note rate from date of Judgment until paid.

3. That the Plaintiff be declared to have a first Mortgage lien on the Lutz Property prior and superior to all other liens and encumbrances except as set out in this Complaint.

4. That the Mortgage of the Plaintiff be enforced and, to that end, that the property be sold by the Commissioner of this Court and that the proceeds be first applied to costs and then to the debts, interest, charges, and costs due the Plaintiff, and the balance, if any, be held for the benefit of the Defendant subject to further orders of the Court.

5. That, in the alternative, Plaintiff be granted a Constructive Trust on the Lutz Property and that the Lutz Property be sold by the Bullitt County Master Commissioner and the proceeds of the sale be used, in part, to pay off the Note balance owing to Plaintiff.

6. Judgment against the Defendant Kelly Kearney for any deficiency resulting from the sale of the property for any amount less than the sum needed to cover the debt, interest, and charges due the Plaintiff.

Filed              23-CI-00664      08/23/2023           Paulita Keith, Bullitt Circuit Clerk

Presiding Judge: HON. RODNEY BURRESS (655271)
COM : 000006 of 000007

7. For any and all proper relief to which it may appear to be entitled.

MORGAN POTTINGER MCGARVEY

*/s/ Taylor M. Hamilton*
Taylor M. Hamilton (KBA #92560)
401 S. Fourth Street, Ste. 1200
Louisville, Kentucky 40202
Phone: (502) 589-2780
Fax: (502) 585-3498
*Counsel for Plaintiff*

**THIS COMMUNICATION FROM A DEBT COLLECTOR IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

7

Filed    23-CI-00664    08/23/2023    Paulita Keith, Bullitt Circuit Clerk

NOT ORIGINAL DOCUMENT
01/26/2024 12:03:23 PM
86930

Presiding Judge: HON. RODNEY BURRESS (655271)
COM : 000007 of 000007