

## Title Search Report
Issued By
## Title Agency Support, LLC.

File #: 353 Lutz Lane - 137348 RUSH

Title Agency Support, LLC. has searched the Bullitt County, Kentucky records for the period shown relative to title to the real property described below, and provides the following title search report (TSR) for Morgan, Pottinger, McGarvey - LOU

Search Type: Foreclosure

The search period was from 3/22/1977 to 7/19/2023 at 8:00 AM.

| | |
|---|---|
| Property Address: | 353 Lutz Lane, Shepherdsville KY 40165 |
| Seller: | Kelly Kearney, unmarried |
| Buyer/Borrower: | To Be Determined |
| Title Vested In: | Kelly Kearney, unmarried |

Interest or Estate (Fee Simple/Leasehold):    Fee Simple

### Derivation

BEING the same property conveyed to Kelly Kearney, unmarried, by deed dated January 1,1993, and recorded on June 23,1993, of record in Deed Book 374, Page 214, in the Office of the Clerk of the County Court of Bullitt County, Kentucky.

### Legal Descriptions

1. COMMENCING at a railroad spike in the center of Lutz Lane and the North line of Bohannon Lane; thence with the center of Lutz Lane N. 40°02' W., 227.30 feet to a railroad spike; thence s. 47° 00' W., 15.00 feet to an iron pin at the beginning; thence S. 47°00' W., 210.00 feet to an iron pin; thence N. 43°52'35" W.,210.00 feet to an iron pin; thence N. 47°00' E., 210.00 feet to an iron pin in West line of Lutz Lane; thence S. 43°52'35" E., 210.00 feet to the paint of beginning containing 1.01 acre.

### Taxes

1. Bullitt County taxes for the year 2022 in the amount of $1,316.38 Paid(on December 28,2022) are PAID for Parcel Number: 080-000-00-028A. Total Assessment is $111,144.00. Taxes for subsequent years are a lien, not yet due and payable. Next reported due date is December 1,2023.

### Mortgages and Liens (Requirements)

1. Mortgage in the original principal amount of $32,000.00, executed by Kelly Kearney, unmarried, in favor of REPUBLIC BANK & TRUST COMPANY, dated January 10,2020 and recorded January 30,2020, of record in Mortgage Book 1887, Page 259, in the Office aforesaid.

2. Property/Bail Bound in favor of Commonwealth of Kentucky VS. Kelly Kearney recorded on November 17,2008 of recorded in ENC Book 68, Page 225, in the office aforesaid.

### Other Matters of Record (Exceptions)

1. Taxes and Assessments for the year 2023 and subsequent years, which are not yet due and payable.

2. Matters appearing on the Minor plat recorded in Deed Book 374, Page 214, in the Office aforesaid, including, but not limited to, any building setback lines and/or easements lying within the lot(s) described herein.

3. Easement in favor of The North Nelson Water District of record in Deed Book 434, Page 518, in the office aforesaid.

4. Rights of tenants, in possession, as tenants only, under unrecorded Leases.

5. Rights of the public to use that part of the land described herein that may lie within the bounds of any roadways.

6. Rights of the railroad company servicing the railroad siding located on the land in and to the ties, rails and other properties constituting said railroad siding or in and to the use thereof and also the rights of others entitled in and to the use thereof.

7. Notwithstanding the reference to acreage in the legal description, the final policy will not insure the quantity described as acreage.

## County Notes

*Disclaimer: This title report has been prepared at your request from information provided to TAS from you, the client. We have used all reasonable efforts to accurately reflect the properly recorded and indexed documents affecting the property for the time period specified. This report is not insurance or a commitment to insure. The liability under this report is limited to the amount paid for and to the client who ordered the report.*

**Title Search**

File Number: 353 Lutz Lane - 137348      Effective Date: 07/19/2023

Searcher: T. Packard      Search Period: 03/22/1977 - 07/19/2023

Property Address: 353 LUTZ LN, SHEPHERDSVLLE KY 40165

Buyer: f/c      County: Bullitt

Legal Description: 1.01 ac see deed

Vesting: Kelly Kearney, unm

Dated 01/01/1993 Recorded 06/23/1993 Deed Book 374 Page 214      FS   GW

Additional Vesting Documents:

Vendor's lien released by DB 570/632

**Property Taxes**

COUNTY TAX Year: 2022      Parcel ID #: 080-000-00-028A      Assessment: $ $111,144

Face Amount: 1316.38      Paid (X) Unpaid (  ) Amount Paid: 1316.38      Date Paid: 12/28/2022

Delinquent Taxes: no      Sold: no

CITY of n/a      Tax Year _____ Assessment _____

Face Amount: _____ Paid (  ) Unpaid (  ) Amount Paid: _____ Date Paid: _____

Delinquent Taxes: _____

Additional Info: _____

**Mortgages**

1) Mtg Book 1887 Page 259 Recorded 01/30/2020 Amount $ 32,000.00

Lender: REPUBLIC BANK & TRUST COMPANY

Related Documents: _____

2) Mtg Book _____ Page _____ Recorded _____ Amount $_____

Lender: _____

Related Documents: _____

3) Mtg Book _____ Page _____ Recorded _____ Amount $_____

Lender: _____

Related Documents: _____

4) Mtg Book _____ Page _____ Recorded _____ Amount $_____

Lender: _____

Related Documents: _____

5) Mtg Book _____ Page _____ Recorded _____ Amount $_____

Lender: _____

Related Documents: _____

6) Mtg Book _____ Page _____ Recorded _____ Amount $_____

Lender: _____

Related Documents: _____

See Next Page for Exceptions

**Exceptions**

Declaration of Restrictions in _____ Book _____ Page _____

Additional Restrictions/Amendments _____

_____

_____

_____

Plat Book _____ Page _____ Additional Plats _____

_____

_____

Minor Plat in _Deed_____ Book _374_____ Page _214_____

_____

_____

**Additional Items**

Esmt to North Nelson Water District DB 434/518 _____

_____

Bail Bond E68/225 _____

**DEEDS**

Type of Deed: __GWD__

Grantor: __James R. Kearney and Carolyn Kearney, his wife__

Grantee: __Kelly Kearney, unm__

Dated: __01/01/1993__    Recorded: __6/23/1993__    Bk/Pg: __374/214__    Consideration: $ __38,000__

Notes: __vendor's lien is released__


Type of Deed: __GWD__

Grantor: __D.W. Owens__

Grantee: __James R. Kearney and Carolyn Kearney__

Dated: __03/22/1977__    Recorded: __03/18/1977__    Bk/Pg: __204/582__    Consideration: $ __6,000__

Notes: __vendor's lien released in margin__


Type of Deed: _____

Grantor: _____

Grantee: _____

Dated: _____ Recorded: _____ Bk/Pg: _____ Consideration: $ _____

Notes: _____


Type of Deed: _____

Grantor: _____

Grantee: _____

Dated: _____ Recorded: _____ Bk/Pg: _____ Consideration: $ _____

Notes: _____


Type of Deed: _____

Grantor: _____

Grantee: _____

Dated: _____ Recorded: _____ Bk/Pg: _____ Consideration: $ _____

Notes: _____

1.01Ac±

353 Lutz La)                                    Bullitt

F/C

✓ Kearney, James R.                          3-22-77→
              Carolyn                        6-23-93

✓ Kearney, Kelly                             1-1-93 →
   A 1137/628
   E 68/225
   E 100/551
   M 1887/ 259

# Bullitt County, KY PVA

## Parcel Summary

| | |
|---|---|
| Parcel Number | 080-000-00-028A |
| Property ID | 435069 |
| Location Address | 353 LUTZ LN |
| Homestead | 0 |
| Tax District | Southeast ( District 02) |
| Class | Residential |
| Description | 1 LT LUTZ LN |
| Acres | 1 |
| Deed Information | 374-214 |

View Map



## Owner Information

KEARNEY KELLY
353 LUTZ LN
SHEPHERDSVILLE KY 40165

## Land Information

| | |
|---|---|
| SiteCondition | |
| Plat Book | |
| Subdivision | |
| Lot | |
| Block | |
| Acreage | 1 |
| Lot Size | |

| | |
|---|---|
| Driveway | No |
| Zoning | |
| Electric | No |
| Water | No |
| Gas | No |
| Sewer | No |
| Flood | No |

## Improvement Information

| | |
|---|---|
| Residence Type | SINGLE FAMILY |
| Year Built | |
| Foundation | |
| Basement | |
| Exterior | CONCRETE BLOCK |
| Bedrooms | 2 |
| Full Baths | 1 |
| Half Baths | 0 |
| Roof Cover | COMPOSITION SHINGLES |
| Roof Type | GAMBREL |
| Residence Condition | |
| Fireplaces | |

| | |
|---|---|
| Heat | |
| AC | |
| Total Rooms | 0 |
| Living Sqft | 1100 |
| Basement Sqft | 0 |
| Garage Sqft | 1440 |
| Porch Sqft | 0 |
| Basement Finish | 0 |
| Structure | |
| Structure Type | RESIDENCE |
| Garage/Carport | ATTCHD2 |
| Pool | N |
| Mobile Home Make and Model | |
| Mobile Home Size Length x Width | |

## Recent Sales In Area

Sale date range:

From:

07/21/2020

To:

07/21/2023

1500

Feet    ⌄

Sales by Distance

## Assessment (Working)

| | 2024 Working Tax Roll | 2023 Working Tax Roll |
|---|---|---|
| Residential Land Value | $0 | $0 |
| + Residential Improvement Value | $111,144 | $111,144 |
| = **Residential Total Value** | **$111,144** | **$111,144** |
| - Homestead Exemption | $0 | $0 |
| - Disability Exemption | $0 | $0 |
| = **Taxable Assessment Total** | **$111,144** | **$111,144** |

## Assessment (Certified)

| | 2022 Certified Tax Roll | 2021 Certified Tax Roll | 2020 Certified Tax Roll | 2019 Certified Tax Roll | 2018 Certified Tax Roll |
|---|---|---|---|---|---|
| Residential Land Value | $0 | $0 | $0 | $0 | $0 |
| + Residential Improvement Value | $111,144 | $111,144 | $111,144 | $111,144 | $89,144 |
| = **Residential Total Value** | **$111,144** | **$111,144** | **$111,144** | **$111,144** | **$89,144** |
| - Homestead Exemption | $0 | $0 | $0 | $0 | $0 |
| - Disability Exemption | $0 | $0 | $0 | $0 | $0 |
| = **Taxable Assessment Total** | **$111,144** | **$111,144** | **$111,144** | **$111,144** | **$89,144** |

## Photos



**No data available for the following modules:** Sales Information, Sketches.

The Bullitt County Property Valuation Administrator's Office makes every effort to produce the most accurate information possible. No warranties, expressed or implied, are provided for the data herein, its use or interpretation. The assessment information is from the last certified tax roll. All data is subject to change before the next certified tax roll.
| User Privacy Policy | GDPR Privacy Notice
Last Data Upload: 7/20/2023, 8:35:26 PM

Contact Us

Developed by


Bill Status

Paid 1316.38 on 12/28/22 at 10:45:21 AM

| Close and return to Search |
|---|

Taxpayer

KEARNEY KELLY

353 LUTZ LN
SHEPHERDSVILLE KY, 40165

| Property Class | Assessment |
|---|---|
| REAL EST | 111144 |
| E911 | 1 |

This information is believed to be up-to-date and accurate as of close-of-business on the previous business day, but is not warranted.

| Bill Number | Bill Date |
|---|---|
| 18477 | 10/1/2022 |

| Dist | Map Number |
|---|---|
| 02 | 080-000-00-028A |

Description

1 LT LUTZ LN

Location

353 LUTZ LN

| If Paid | Amount |
|---|---|
| by 11/01/22 | 1290.77 |
| by 12/31/22 | 1316.38 |
| by 01/31/23 | 1380.40 |
| after 01/31/23 | 1585.26 |

The last record in this database was saved on 04/21/23 at 2:09:22 PM

TaxViewer v1 .12 by Custom Solutions Inc. All rights reserved. Session from 74.133.149.135



BULLITT COUNTY                                                                                    eCCLIX

**Navigation:**     Welcome         Instruments ▼        Securities ▼        Delinquent Tax ▼        Subscriptions        Setup        Logout

<<Back |     **Delinquent Tax Search**

| | |
|---|---|
| Bill Number | **Due Date** 7/21/2023 |
| Tax Year | PROPERTY MAY BE SUBJECT TO $36.00 911 FEE. TO COMFIRM CONTACT HEATHER THOMAS, BULLITT COUNTY ATTORNEY'S OFFICE (502)543-1505. |
| Owner Name
Ex: Last, First or Business Name | |
| Map ID     080-000-00-028A
☐ Ignore dashes in the Map ID | Property Address |

[ Search ]   [ Reset ]

Disclaimer: Any party obtaining information from this system shall examine the individual filings in the Clerk's office for any adjustments. Any final amount must be obtained from the Clerk's office.

Total records found: 0, Total amount due: 0

Click on any individual column header to sort ascending/descending. Click on Bill # for details.

Developed and managed by Software Management LLC. ✆
Questions or comments? E-mail Us!
eCCLIX Version: (Build: 2023.05.9.1)

LAND CONTRACT FORM
DELIVERED TO F.V.A.
JUN 25 1993

See Deed Book _____ 570 ____ Page 630
Nora McCawey, Bullit County Clerk
By: _____

BOOK 374 PAGE 214

72213

This DEED made and entered into this 1st day of January, 1993, by and between **JAMES R. KEARNEY and CAROLYN KEARNEY,** his wife, of Route #3, Shepherdsville, Kentucky 40165, first parties, and **KELLY KEARNEY,** unmarried, of 353 Lutz Lane, Shepherdsville, Kentucky 40165, second party.

WITNESSETH: That for a valuable consideration, the receipt of which is hereby acknowledged, and the further consideration for which the second party has executed her promissory note of this date payable to first parties, or the survivor thereof, in monthly payments of $300.00 each including interest at the rate of Seven Percent (7%) per annum with the first monthly payment being due January 1, 1993, and the following payments being due on the 1st day of each subsequent succeeding month thereafter until paid in full, said note maturing January 1, 2012. All or any part of said note may be paid at any time without penalty. The total purchase price and consideration for this conveyance is the sum of $38,000.00.

The first parties hereby sell and convey unto the second party, her heirs and assigns forever, the following described real estate located in **Bullitt County, Kentucky:**.

COMMENCING at a railroad spike in the center of Lutz Lane and the North line of Bohannon Lane; thence with the center of Lutz Lane N. 40°02' W., 227.30 feet to a railroad spike; thence S. 47°00' W., 15.00 feet to an iron pin at the beginning; thence S. 47°00' W., 210.00 feet to an iron pin; thence N. 43°52'35" W., 210.00 feet to an iron pin; thence N. 47°00' E., 210.00 feet to an iron pin in West line of Lutz Lane; thence S. 43°52'35" E., 210.00 feet to the point of beginning containing 1.01 acre.

BEING a part of the same property conveyed to James R. Kearney and Carolyn Kearney, his wife, by D.W. Owens by deed dated March 22, 1977, recorded in Deed Book 204, Page 582, in the office of the County Court Clerk of Bullitt County, Kentucky.

CHESTER PORTER
& ASSOCIATES
ATTORNEYS AT LAW
19 S. BUCKMAN STREET
SHEPHERDSVILLE
KENTUCKY 40165
502-543-2290
502-955-6034

The parties hereto state the consideration reflected in this deed is the full consideration paid for the property. The grantee joins this Deed for the sole purpose of certifying the consideration pursuant to KRS Chapter 382.

The first parties further covenant that they are lawfully seized of the estate herein conveyed with the full right and power to convey same in fee simple and there are no encumbrances against same except easements and restrictions of record and Zoning Regulations of Bullitt County.

The first parties hereby retain a **LIEN** on the within described real estate to secure the payment, extension or renewal of the within mentioned note.

The second party agrees to keep the improvements on said property insured as to fire with **EXTENDED COVERAGE ENDORSEMENT** until the entire indebtedness herein is paid in a company approved by holder of lien for their full insurable value or not less than indebtedness and keep the policies on deposit with the holder of the lien and **STANDARD MORTGAGE CLAUSES** in favor of holder affixed thereto.

In the event of the failure of the second party to make any payment on said indebtedness as due or to pay any taxes or assessments against said property as due or to comply with any of the terms of this deed or the note or any renewal thereof, the entire indebtedness shall become due and may be collected, including attorney fees, and the holder of said indebtedness may take - out insurance and pay the premiums and may pay any delinquent taxes or assessments and any sum so paid shall become a part of the indebtedness secured by the lien herein and bear interest from date of payment at the rate of Seven Percent per annum and become due on demand.

J. CHESTER PORTER
& ASSOCIATES
ATTORNEYS AT LAW
18 S. BUCKMAN STREET
SHEPHERDSVILLE
KENTUCKY 40165
502-543-2290
502-955-6034

BOOK 374 PAGE 216

IN TESTIMONY WHEREOF witness the hands of the parties this day and year first herein written,

_(signature)_
JAMES R. KEARNEY

_(signature)_
CAROLYN KEARNEY

_(signature)_
KELLY KEARNEY

STATE OF KENTUCKY
COUNTY OF BULLITT

I, the undersigned Notary Public, for and in the County and State aforesaid hereby certify that the foregoing instrument was produced before me in said County and State and was acknowledged and sworn to by JAMES R. KEARNEY and CAROLYN KEARNEY, his wife, first parties thereto, to be their true acts and deeds.

Witness my hand this 23ᵈ day of _February_, 1993.

_(signature)_
NOTARY PUBLIC: Kentucky State at Large
My commission expires _October 15, 1995_

STATE OF KENTUCKY
COUNTY OF BULLITT

I, the undersigned Notary Public, for and in the County and State aforesaid hereby certify that the foregoing instrument was produced before me in said County and State and was acknowledged and sworn to by KELLY KEARNEY, unmarried, second party thereto, to be her true act and deed.

J. CHESTER PORTER
& ASSOCIATES
ATTORNEYS AT LAW
318 S. BUCKMAN STREET
SHEPHERDSVILLE
KENTUCKY 40165
502-543-2296
502-955-6034

Witness my hand this _23rd_ day of _February_ , 1993.

NOTARY PUBLIC:  Kentucky State at Large
My commission expires _October 15, 1995_


Instrument drafted by:


JOSEPH J. WANTLAND
PORTER & ASSOCIATES
Attorney at Law
318 South Buckman Street
Shepherdsville, KY 40165
(502)543-2296

J. CHESTER PORTER
& ASSOCIATES
ATTORNEYS AT LAW
118 S. BUCKMAN STREET
SHEPHERDSVILLE
KENTUCKY 40165
502-543-2296
502-955-6034

BOOK 374 PAGE 217

BOOK 374 PAGE 218

VICINITY MAP
NO SCALE



N

KY 480

Salt River Rd.

Woodsdale Rd.

Site

Lutz Ln.

BOHANNON LN. 50' R/W

DB 260
P-80

DB 204
P-582

IP (SET)

N 43° 52' 35" W
210.00'

1.01 AC.

S 47° 00' 00" W
210.00

N 47° 00' 00" E
210.00

DB 204
P-582

IP (SET)

IP (SET)

IP (SET)

RR SPIKE
(SET)

IP (SET)

RR SPIKE
(SET)

S 43° 52' 35" E - 210.00

LUTZ LN.

FEE PD. ST. 3.00 CLK. 10.50

DEED TAX 38.00

LODGED AND RECORDED THIS

93 JUN 23 AM 8: 43

NINA MOONEY
BULLITT COUNTY CLERK

BY B. Hasty D.C.

**SURVEYOR'S CERTIFICATE**

I hereby certify that this plat depicts a survey, made by me, or under my direction, by method of random traverse. The bearings and distances shown hereon have been adjusted for closure. This survey and plat meets or exceeds the minimum standards of governing authorities.

Name _Mylie Armstrong_ RLS-541 1/15/93
Date

**OWNER'S CERTIFICATE**

I do hereby certify that I am the owner of record of the property shown hereon, as recorded in D.B. _204_ P. _582_ in the bullitt County Clerk's Office, and do hereby adopt this survey.

_Bill Kearney_
Owner                            Date

STATE OF KENTUCKY
MAXIE ARMSTRONG
541
REGISTERED
LAND SURVEYOR

**APPROVED:**

Bullitt County Planning & Zoning Commission
Date: _6/22/93_ By: _Darryl Lee_

SURVEY OF

KELLEY KEARNEY PROPERTY

**ARMSTRONG**
Engineering — Land Surveying
Cliffside Drive          Shepherdsville, Ky. 40165

DRAWN BY _S.C.A_          DATE _1/15/93_

CHECKED BY _M.A._          SCALE _1" = 100'_

DRAWING NO:          GRAPHIC SCALE

0          100          150

*Solidifi*

WHEN RECORDED, MAIL TO:
**REPUBLIC BANK & TRUST COMPANY**
**200 S. 7TH STREET**
**LOUISVILLE, KENTUCKY 40202**

This instrument was prepared by:

**REPUBLIC BANK & TRUST COMPANY**
**200 S 7th STREET**
**LOUISVILLE, KY 40202**

Preparer: _____
       **Tim Poole**

_____ □Space Above This Line For Recording Data□ _____

# MORTGAGE

### THIS IS A FUTURE ADVANCE LINE OF CREDIT MORTGAGE

THIS MORTGAGE ("Security Instrument") is made on January 10, 2020. The mortgagor is **Kelly Kearney, unmarried,** whose address is **281 Hare Ln, Mount Washington, KY 40047-6018** ("Borrower"). Borrower is not necessarily the same as the Person or Persons who sign the **HOME EQUITY LINE AGREEMENT AND DISCLOSURE STATEMENT** dated January 10, 2020 ("Contract"). The obligations of Borrowers who did not sign the Contract are explained further in the section titled Successors and Assigns Bound; Joint and Several Liability; Accommodation Signers. This Security Instrument is given to Republic Bank & Trust Co, which is organized and existing under the laws of the State of Kentucky, whose mailing address is 200 South 7th Street, Suite 110, Louisville, Kentucky 40202, and whose principal place of business address is 200 South 7th Street, Suite 110, Louisville, County of Jefferson, Kentucky 40202 ("Lender"). Kelly Kearney, has entered into a Contract with Lender as of January 10, 2020, under the terms of which Borrower may, from time to time, obtain advances not to exceed, at any time, a
**\*\*\*MAXIMUM PRINCIPAL AMOUNT (EXCLUDING PROTECTIVE ADVANCES) \*\*\* of THIRTY-TWO THOUSAND.**
**(U.S. $32,000.00)** ("Credit Limit"). Any party interested in the details related to Lender's continuing obligation to make advances to Borrower is advised to consult directly with Lender. If not paid earlier, the sums owing under Borrower's Contract with Lender will be due on **January 15, 2030.** This Security Instrument secures to Lender: (a) the repayment of the debt under the Contract, with interest, including future advances, and all renewals, extensions and modifications of the Contract; (b) the payment of all other sums, with interest, advanced to protect the security of this Security Instrument under the provisions of the section titled **Protection of Lender's Rights in the Property;** and (c) the performance of Borrower's covenants and agreement under this Security Instrument and the Contract. For this purpose, Borrower, in consideration of the debt, does hereby mortgage, grant and convey to Lender the following described property located in the County of Bullitt, State of **KENTUCKY:**

Address: 281 Hare Ln, Mount Washington, KY 40047-6018
Legal Description: See Attached Exhibit A
Parcel ID/Sidwell Number: 077-W00-03-019A

HELOC Mortgage                          Page 1 of 6
RBT Form
IDS, Inc. - 76382

BULLITT COUNTY
**M1887   PG259**



TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

Borrower and Lender covenant and agree as follows:

**Payment of Principal and Interest; Other Charges.** Borrower shall promptly pay when due the principal of and interest on the debt owed under the Contract and late charges or any other fees and charges due under the Contract.

**Applicable Law.** As used in this Security Instrument, the term "Applicable Law" shall mean all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. At the request of Lender, Borrower shall promptly furnish to Lender receipts evidencing the payments.
Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that
Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with section titled **Protection of Lender's Rights in the Property**.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if, in Lender's sole discretion, the restoration or repair is economically feasible and Lender's security is not lessened. If, in Lender's sole discretion, the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within the number of days prescribed by Applicable Law as set forth in a notice from Lender to Borrower that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The period of time for Borrower to answer as set forth in the notice will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the payments due under the Contract or change the amount of the payments. If under the section titled Acceleration; Remedies, the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in section titled **Borrower's Right to Reinstate**, by causing the action or proceeding to be

---

HELOC Mortgage
RBT Form
IDS, Inc. - 76382

Page 2 of 6





dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Contract. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this section, Lender does not have to do so.
Any amounts disbursed by Lender under this section shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the same rate assessed on advances under the Contract and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless Applicable Law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within the minimum number of days established by Applicable Law after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the payments due under the Contract or change the amount of such payments.
**Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**Successors and Assigns Bound; Joint and Several Liability; Accommodation Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of section titled **Transfer of the Property or a Beneficial Interest in Borrower.** Borrower's covenants and agreements shall be joint and several. Any person who co-signs this Security Instrument but has no personal liability under the Contract ("Accommodation Signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey that Accommodation Signer's interest in the Property under the terms of the Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Contract without that Accommodation Signer's consent.

**Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted

HELOC Mortgage
RBT Form
IDS, Inc. - 76382

Page 3 of 6



limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limits and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Contract or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment under the Contract.

**Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless Applicable Law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Borrower agrees to provide Lender with Borrower's most current mailing address, as it may change from time-to-time. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**Governing Law; Severability.** This Security Instrument shall be governed by federal law and the laws of the state of Kentucky. In the event that any provision or clause of this Security Instrument or the Contract conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Contract which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Contract are declared to be severable.

**Borrower's Copy.** Borrower shall be given one copy of this Security Instrument.

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than the minimum number of days established by Applicable Law from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as Applicable Law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Contract as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees to the extent permitted by law; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under the section titled **Transfer of the Property or a Beneficial Interest in Borrower.**

**Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "Environmental Law" means federal laws and laws of the state of Kentucky that relate to health, safety or environmental protection.

**Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument or the Contract under which acceleration is permitted (but not prior to acceleration



under the section titled Transfer of the Property or a Beneficial Interest in Borrower, unless Applicable Law provides otherwise). The notice shall specify: (a) the default;

(b) the action required to cure the default; (c) a date, not less than the minimum number of days established by Applicable Law from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. To the extent permitted by law, Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

Release. Upon payment of all sums secured by this Security Instrument and termination of Borrower's right to obtain further advances under the Contract, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.
Waiver of Homestead Exemption. Borrower waives the right to Homestead Exemption (KRS 427.060) related to judgment execution.

Taxes and Assessments on Mortgage Insurance Premiums. If mortgage insurance premiums are required to be paid by Borrower pursuant to the section titled Mortgage Insurance, then in addition to such premiums, Borrower shall pay all taxes and assessments thereon for so long as Borrower is required by Lender to pay the premiums. All taxes and assessments on premiums due and payable by Borrower shall be considered an Escrow Item and shall be paid by Borrower to Lender in the manner provided for Escrow Items in the section titled Funds for Taxes and Insurance.

Protective Advances. This Security Instrument secures not only the initial advance under the Note, but also all Protective Advances. "Protective Advances" mean any advances to maintain and protect the Property and/or protect Lender's rights in the Property made by Lender or by any successors or assigns of Lender, including, without limitation, any sums, with interest, advanced under Hazard or Property Insurance, Protection of Lender's Rights in the Property, or Loan Charges hereof: (a) to pay any Escrow Items; (b) to pay any sums secured by a lien or encumbrance on the Property without which payment the secured position of Lender, including the priority of this Security Instrument, or any successor or assign of Lender might be jeopardized; (c) to secure, repair, maintain, protect or preserve the Property, or Lender's interest in the Property and rights under this Security Instrument; or (d) to pay any and all expenses incident to the collection of the indebtedness secured by this Security Instrument and the foreclosure thereof by judicial proceedings, or otherwise, pursuant to Applicable Law, whether the Property is still owned by the Borrower or is owned by a Successor in Interest of Borrower.

Within the meaning of KRS 382.520, this Security Instrument secures future advances and any additional indebtedness, provided that the maximum additional indebtedness secured hereby shall not exceed 150% of the original Credit Limit established under the Contract, with interest thereon, and whether or not evidenced by notes, accounts or obligations of any kind whatsoever. It shall be a default under this Security Instrument if Borrower requests a release, in the manner provided by KRS 382.520, of any portion of the lien securing any of the additional indebtedness secured by this Security Instrument pursuant to KRS 382.520 prior to the date that all of the obligations secured by this Security Instrument have been paid and discharged and the Contract and this Security Instrument have been terminated, and Borrower hereby waives any and all right to request such a release to the maximum extent permitted by Applicable Law.

Oral Agreements Disclaimer. This Security Instrument represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.
BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in all pages of this Security Instrument and in any Rider executed by Borrower and recorded with it. Signed and sealed by Borrower:


BULLITT COUNTY
M1887    PG263



Kelly Kearney                                (Seal)                                                    (Seal)
Kelly Kearney                                -Borrower                                                 -Borrower

STATE OF    __KENTUCKY__ , __Bullitt__    County ss:

The foregoing instrument was acknowledged before me this **10th day of January, 2020** by Kelly Kearney.

Witness my hand and official seal.

My Commission Expires:    __6|12|22__

                                                                                    (Seal)

_____
Notary Public

Loan originator (Organization): **Republic Bank & Trust Company**; NMLS #: **402606**
Loan originator (Individual): **Kevin Christopher Quick**; NMLS #: **855430**

---

**HELOC Mortgage**
RBT Form
IDS, Inc. - 76382                          Page 6 of 6

BULLITT COUNTY
M1887    PG264



# EXHIBIT "A" LEGAL DESCRIPTION

| | | | |
|---|---|---|---|
| Account #: | 26892811 | Group #: | |
| Order Date: | DECEMBER 27, 2019 | Registered Land: | |
| Name: | KELLY KEARNEY | Parcel: | 077-W00-03-019A |
| Reference: | 715519 | | |
| Deed Ref: | 374 / 124 | | |

SITUATED IN THE CITY OF MOUNT WASHINGTON, COUNTY OF BULLITT, AND STATE OF
KENTUCKY:

COMMENCING AT A RAILROAD SPIKE IN THE CENTER OF LUTZ LANE AND THE NORTH LINE
OF BOHANNON LANE; THENCE WITH THE CENTER OF LUTZ LANE N. 40 DEGREES 02' W., 227.30
FEET TO A RAILROAD SPIKE; THENCE S. 47 DEGREES 00' W., 15.00 FEET TO AN IRON PIN AT
THE BEGINNING; THENCE S. 47 DEGREES 00' W., 210.00 FEET TO AN IRON PIN; THENCE N. 43
DEGREES 52'35" W., 210.00 FEET TO AN IRON PIN; THENCE N. 47 DEGREES 00' E., 210.00 FEET TO
AN IRON PIN IN WEST LINE OF LUTZ LANE; THENCE S. 43 DEGREES 52'35" E., 210.00 FEET TO
THE POINT OF BEGINNING CONTAINING 1.01 ACRE.

BEING THE SAME PROPERTY CONVEYED BY DEED RECORDED IN BOOK 374, PAGE    OF THE
BULLITT COUNTY, KENTUCKY RECORDS.

SUBJECT TO ALL EASEMENTS, COVENANTS, CONDITIONS, RESERVATIONS, LEASES AND
RESTRICTIONS OF RECORD, ALL LEGAL HIGHWAYS, ALL RIGHTS OF WAY, ALL ZONING,
BUILDING AND OTHER LAWS, ORDINANCES AND REGULATIONS, ALL RIGHTS OF TENANTS IN
POSSESSION, AND ALL REAL ESTATE TAXES AND ASSESSMENTS NOT YET DUE AND PAYABLE

DOCUMENT NO: 627606
RECORDED:January 30,2020 10:39:00 AM
TOTAL FEES:     $80.00
COUNTY CLERK: KEVIN MOONEY
DEPUTY CLERK: RITA PARSONS
COUNTY: BULLITT CO CLERK
BOOK: M1887    PAGES: 259 - 265

AOC-365  Rev. 3-0?

B    **Kelly Kearney**
Defendant's Name

**640 Burlwood Circle    40047**
Defendant's Address

Citation No.:

Defendant's Occupation

**047955**

11-6-08
*District* Court
*Bull. 11* County
10-5-87
Defendant's Date of Birth
502-538-0434
Defendant's Telephone Number

Case No.: 7 851
Charge *unlawful terns w/minor 2nd deg. firm possess under lator poff, poss. use poss. drug para 2nd off*
OLKT KD 39325
Defendant's Drivers License #

### YOU ARE HEREBY RELEASED FROM CUSTODY ON THE CONDITIONS INDICATED BELOW:

| PERSONAL PROMISE | | **PERSONAL RECOGNIZANCE.** Your personal recognizance, provided that you promise to appear at all scheduled hearings, trials, or otherwise as required by the Court. |
|---|---|---|
| **MONEY BOND OF** $**5000** | ☐ ☐ ☐ | **UNSECURED BAIL BOND OR SURETY BOND.** An unsecured appearance bond from you or your surety to be forfeited should you fail to appear as required by the Court.<br>**GUARANTEED ARREST BOND CERTIFICATE.**<br>**PARTIALLY SECURED BOND.** Cash bail secured by cash deposit of $_____. 10% of the deposit (but not less than $5) will be retained if you are found guilty and the court determines you have performed the conditions of your release. The entire cash bond will be forfeited should you fail to appear as required by the Court. |
| Amount in accordance with uniform schedule of bail | ☒ ☐ ☐ ☐ | **CASH BAIL BOND.** Full amount of bail paid into the court, to be forfeited if you fail to appear as required by the Court.<br>**STOCKS AND BONDS, PROPERTY BOND.** Pledge value of the stocks, bonds or real estate to appear as required by the Court, the state will foreclose on the property listed on the affidavit if you fail to appear.<br>**RELEASED PURSUANT TO KRS 222.204 CONDITIONS:** |
| YES | | |
| NO | | |

I, CLERK OF THE BULLITT CIRCUIT/DISTRICT COURT, DO CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL ENTERED OF RECORD IN MY OFFICE. IN TESTIMONY WHEREOF I WITNESS MY HAND THIS ____ DAY OF _NOV 2008_
LAYNE ABELL, CLERK  BY: _____ .D.C.

---

**BAIL BOND**  **Kelly Kearney** being admitted to bail in the sum of $_____, I undertake that he/she will appear and be amenable to the orders and process of this and any other court in which this proceeding may be pending for any and all purposes and at all stages (including, in event of indictment, proceedings thereafter) in accordance with RCr 4.54. By entering into this bond obligation, I submit to the jurisdiction of the courts of Kentucky in which any forfeiture proceeding arising out of my bail obligation may be pending, and do further irrevocably appoint the clerk of such court as my agent upon whom any process affecting my liability on such bond may be served, such clerk to forthwith mail copies to me at the address below. **AFFIDAVIT OF SURETY** on Unsecured or Partially Secured Bond: I affirm I am a resident or owner of real estate in Kentucky, and intend to secure this bond with the following stocks, bonds or real property:

X _____ (Signature of Defendant)

X **Kelly Kearney** (Surety's Name Printed)

X **Bill Duncan** (Signature of Surety)

BAIL BOND TAKEN BY _____ FROM

X ▮▮▮▮▮▮▮ Surety's Social Security Number

X 6-13-62 Surety's Date of Birth & Occupation

X K 912-232-632 (SALES) Surety's Drivers License #

X 353 Lutzlane Shep Kg 40165 (Address)

☐ Defendant  ☐ Surety    *Only required on bonds where more than $10,000 Cash is collected.

---

**Violation of Conditions:**
You are warned that failure to comply with the above provisions will be deemed a violation of the terms and conditions of your release for which a warrant may be issued for your arrest; you may be detained, the release privilege will be revoked, and any bail bond posted may be forfeited.
**Failure to Appear:**
For any failure to appear as required before a judge or other judicial officer, you shall be subject to the following penalties:
(IF FELONY CHARGE)  A fine of no more than $10,000 and imprisonment for no less than 1 and no more than 5 years;
(IF MISDEMEANOR CHARGE)  A fine of no more than $500 and imprisonment for no more than 1 year.

| NEXT DUE BACK: | In courtroom ____ at 8:30 a.m. (p.m.) on  11-17-08 ____ or when notified<br>and you must appear at all subsequent continued dates. You must also appear |
|---|---|

| DEFENDANT'S SIGNATURE ▸ | _Kelly_ | I understand the penalties which may be imposed on me for willful failure to appear or for violation of any condition of release and I agree to comply with the conditions of my release and to appear as required. I have received a copy of this order and any bail bond. |
|---|---|---|
| | condition of release and I agree to comply with the conditions of my release and to appear as required. I have received a copy of this order and any bail bond.<br>☐ REPORT TO YOUR LOCAL PRETRIAL SERVICES OFFICE | LOCATED AT ____<br>TELEPHONE ____<br>WITNESSED BY _A. Blackley_ |

**BOOK** 68 **PAGE** 0225

JUDGE ____    COURT ____

BOND FEE  ☒ PAID    ☐ NOT PAID

BOOK 68 PAGE 0226

| AOC-360<br>Rev. 7-98     Doc. Code: BS<br><br>Commonwealth of Kentucky<br>Court of Justice<br><br>RCr 4.34; KRS 431.535 | SWORN SCHEDULE FOR BAIL BOND<br>SECURED BY REAL ESTATE | Case No. 08 7 851<br>Court District<br>County Bullitt |

COMMONWEALTH OF KENTUCKY      Plaintiff

         v.

Kelly Kearney _____ Defendant

         Amount of bond $5,000.00

         Affiant, James K Kearney _____, states that he/she is the sole owner (or if jointly owned, Affiants are the sole owners) of the unencumbered equity in the real estate herein described, that the property is not exempt from execution, and he/she offers it as security for the appearance of the defendant in accordance with the conditions of release imposed by the court; and affiant(s) hereby grant(s) a lien upon this property for this purpose in the amount of $10,000. _____. Affiant further states that he/she has been made aware of his/her statutory right to a $5,000 Homestead Exemption pursuant to KRS 427.060. The affiant ☐ does ☒ does not hereby and without reservation Waive Any And All Such Legal Right To Said Homestead Exemption for the sole purpose of securing a bail bond in the above referenced case. This waiver shall become null and void upon release of said bail bond.

         The real estate is located in Bullitt _____ County, Kentucky. A legal description is attached hereto, and is recorded in Deed Book 374 _____ Page 919 _____ in that county.

         The following is a list of all encumbrances and exemptions on the real estate:

| Amount: | Held by: |
| --- | --- |
| $24,350.00 | Homestead Exemption |
| $17,500.00 | First Federal Shep Ky |

         The market value of the unencumbered equity is $57,294.00 _____ which is twice the amount of the bond over and above any encumbrances or exemptions.

         The real estate has not previously been used or accepted as bail in this Commonwealth during the 12 months preceding the date of this bail; or if it has been so used, affiant is the defendant or is related to defendant no further removed than first cousin or is (are) the father-in-law, mother-in-law, son-in-law, daughter-in-law of the defendant.

         The affiants have read the above schedule and file this with the surety bond herein. The affiants further state that the statements herein are true to the best of their knowledge and that they are subject to penalty of perjury if a false statement has been made.

X Kell Kearney _____      _____

X 323 Lute lane shep Ky 40165      _____

         Address                         Address

Subscribed and sworn to before me this 6th _ day of Nov _____ 2008.

         A Blakely DC

         Title_____

Copy Distribution:
     Original - Courtfile
     Certified Copy - County Clerk
     where property located (with certified
     copy of Bail Bond and Recording Fees).

Bruce W. Johnson
Bullitt County P.V.A
P.O. Box 681
Shepherdsville, KY

_11- 6 -08_
Date

TO WHOM IT MAY CONCERN:

This is to verify that _Kearney, Kelly_

Owns _House & Lot   DB. 374 Pg. 214_

Located at
_353 Lutz Lane_
_Shep. Ky. 40165_                              Bullitt County.

The _2008_ assessment on said property is the following:

$ _89,144_ .


_Bruce W. Johnson By NK Deputy_
Bruce W. Johnson, Administrator
Bullitt County P.V.A Office

BULLITT COUNTY PVA OFFICE

Information verified as of
_11- 6_ , _08_ .

BOOK   6 8 PAGE 0 2 2 7

SUBJECT TO CORRECTION AS NEEDED.
_Bruce W Johnson By NK Deputy_
(Signature)

See Deed Book 570 Page 632
Nora McCawley, Bullitt County Clerk
By: _____, DC

BOOK 374 PAGE 214 BOOK

68 PAGE 0228

LAND COURT DISTRICT JUDE
DELIVERED NO F.V.A.
JUN 2 5 1993

72213

This DEED made and entered into this 1st day of January, 1993, by and between **JAMES R. KEARNEY** and **CAROLYN KEARNEY**, his wife, of Route #3, Shepherdsville, Kentucky 40165, first parties, and **KELLY KEARNEY**, unmarried, of 353 Lutz Lane, Shepherdsville, Kentucky 40165, second party.

WITNESSETH: That for a valuable consideration, the receipt of which is hereby acknowledged, and the further consideration for which the second party has executed her promissory note of this date payable to first parties, or the survivor thereof, in monthly payments of $300.00 each including interest at the rate of Seven Percent (7%) per annum with the first monthly payment being due January 1, 1993, and the following payments being due on the 1st day of each subsequent succeeding month thereafter until paid in full, said note maturing January 1, 2012. All or any part of said note may be paid at any time without penalty. The total purchase price and consideration for this conveyance is the sum of $38,000.00.

The first parties hereby sell and convey unto the second party, her heirs and assigns forever, the following described real estate located in **Bullitt County, Kentucky:**.

COMMENCING at a railroad spike in the center of Lutz Lane and the North line of Bohannon Lane; thence with the center of Lutz Lane N. 40°02' W., 227.30 feet to a railroad spike; thence S. 47°00' W., 15.00 feet to an iron pin at the beginning; thence S. 47°00' W., 210.00 feet to an iron pin; thence N. 43°52'35" W., 210.00 feet to an iron pin; thence N. 47°00' E., 210.00 feet to an iron pin in West line of Lutz Lane; thence S. 43°52'35" E., 210.00 feet to the point of beginning containing 1.01 acre.

BEING a part of the same property conveyed to James R. Kearney and Carolyn Kearney, his wife, by D.W. Owens by deed dated March 22, 1977, recorded in Deed Book 204, Page 582, in the office of the County Court Clerk of Bullitt County, Kentucky.

CHESTER PORTER
& ASSOCIATES
ATTORNEYS AT LAW
88 BUCKMAN STREET
SHEPHERDSVILLE

The parties hereto state the consideration reflected in this deed is the full consideration paid for the property. The grantee joins this Deed for the sole purpose of certifying the consideration pursuant to KRS Chapter 382.

The first parties further covenant that they are lawfully seized of the estate herein conveyed with the full right and power to convey same in fee simple and there are no encumbrances against same except easements and restrictions of record and Zoning Regulations of Bullitt County.

The first parties hereby retain a LIEN on the within described real estate to secure the payment, extension or renewal of the within mentioned note.

The second party agrees to keep the improvements on said property insured as to fire with EXTENDED COVERAGE ENDORSEMENT until the entire indebtedness herein is paid in a company approved by holder of lien for their full insurable value or not less than indebtedness and keep the policies on deposit with the holder of the lien and STANDARD MORTGAGE CLAUSES in favor of holder affixed thereto.

In the event of the failure of the second party to make any payment on said indebtedness as due or to pay any taxes or assessments against said property as due or to comply with any of the terms of this deed or the note or any renewal thereof, the entire indebtedness shall become due and may be collected, including attorney fees, and the holder of said indebtedness may take-out insurance and pay the premiums and may pay any delinquent taxes or assessments and any sum so paid shall become a part of the indebtedness secured by the lien herein and bear interest from date of payment at the rate of Seven Percent per annum and become due on demand.

J. CHESTER PORTER
& ASSOCIATES
ATTORNEYS AT LAW
18 S. BUCKMAN STREET

BOOK  68 PAGE 0229

BOOK 374 PAGE 216
BOOK
6 8 PAGE 0230

IN TESTIMONY WHEREOF witness the hands of the parties this day and year first herein written,

JAMES R. KEARNEY

CAROLYN KEARNEY

KELLY KEARNEY

STATE OF KENTUCKY
COUNTY OF BULLITT

I, the undersigned Notary Public, for and in the County and State aforesaid hereby certify that the foregoing instrument was produced before me in said County and State and was acknowledged and sworn to by JAMES R. KEARNEY and CAROLYN KEARNEY, his wife, first parties thereto, to be their true acts and deeds.

Witness my hand this 23ʳᵈ day of February, 1993.

NOTARY PUBLIC: Kentucky State at Large
My commission expires
October 5, 1993

STATE OF KENTUCKY
COUNTY OF BULLITT

I, the undersigned Notary Public, for and in the County and State aforesaid hereby certify that the foregoing instrument was produced before me in said County and State and was acknowledged and sworn to by KELLY KEARNEY, unmarried, second party thereto, to be her true act and deed.

J. CHESTER PORTER
& ASSOCIATES
ATTORNEYS AT LAW
118 S. BUCKMAN STREET
SHEPHERDSVILLE
KENTUCKY 40165

Witness my hand this _23rd_ day of _February_ , 1993.

_____
NOTARY PUBLIC:   Kentucky State at Large
My commission expires _October 15, 1995_

Instrument drafted by:

_____
JOSEPH J. WANTLAND
PORTER & ASSOCIATES
Attorney at Law
318 South Buckman Street
Shepherdsville, KY 40165
(502) 543-2296

BOOK    68 PAGE 0231



BOOK **68** PAGE **0232**

SURVEY OF
*KELLEY KEARNEY PROPERTY*

ARMSTRONG
*Engineering — Land Surveying*
*Cliffside Drive*    *Shepherdsville, KY. 40165*

*tere Allgeier*

**BOOK 0434 PAGE 518**

*SS ~ ...*
*Shepherdsville Ky*
*40165*
*Kelly Kearney*

<u>RIGHT-OF-WAY EASEMENT</u>

KNOW ALL MEN BY THESE PRESENTS:

That for a good and valuable consideration, *Kelly Kearney* and *(Single)*, husband and wife, *353 Lutz Lane* *Shepherdsville*, Kentucky *40165*, GRANTOR, does hereby grant unto the NORTH NELSON WATER DISTRICT, P. O. Box 25, Cox's Creek, Kentucky, 40013, hereinafter referred to as DISTRICT, a perpetual easement with the right to construct, install, and lay, and thereafter use, operate, inspect, repair, maintain, replace and remove a water line over, across, and through the land of the GRANTOR situated in Bullitt County, Kentucky, said easement being described as follows:

**19304**    Being a strip of land 12 feet in width (6 feet on each side of the center line of the proposed water line) as shown on the plans prepared by Kenvirons, Inc. and of record in Plat Cabinet *A* Slot *577*, in the Bullitt County Clerk's office. The easement shall be 35 feet in total width during the period of construction, and upon completion, shall revert back to a permanent easement 12 feet in width, together with the right of ingress and egress over the adjacent land of Grantor for the purpose of this easement.

*SRA 1-24-97*

Being a part of the same property conveyed to the GRANTOR by Deed recorded in Deed Book *374*, Page *214*, in the Bullitt County Clerk's Office, to which reference is made for a more complete description of the property.

The DISTRICT shall repair any and all roads, driveways, fences, etc. damaged during the installation of the water line and shall restore the land to its original condition, as nearly as practical.

The DISTRICT agrees to maintain the easement in good repair so that no unreasonable damage will result from its use to the adjacent land of the GRANTOR, his successors and assigns.

This easement shall constitute a covenant running with the land for the benefit of the DISTRICT, its successors and assigns.

IN WITNESS WHEREOF, the GRANTOR has executed this instrument this *27th* day of *December*, 1996.

_____    *N/A* _____
GRANTOR                         GRANTOR

STATE OF KENTUCKY

COUNTY OF BULLITT

The foregoing Easement was acknowledged before me this *27th* day of *December*, 1996, by *Kelly Kearney*, and *(Single)*, husband and wife, GRANTOR.

_____
NOTARY PUBLIC, State at Large

MY COMMISSION EXPIRES: *4-12-2000*

THIS INSTRUMENT PREPARED BY:

*Damon R. Talley*
DAMON R. TALLEY, P.S.C.
P. O. BOX 150
HODGENVILLE, KY 42748
(502) 358-3187

# qPublic.net™ Bullitt County, KY PVA



| | | | | | | |
|---|---|---|---|---|---|---|
| **Parcel ID** | 435069 | | **Alternate ID** | 080-000-00-028A | **Owner Address** | KEARNEY KELLY |
| **Sec/Twp/Rng** | n/a | | **Class** | Residential | | 353 LUTZ LN |
| **Property Address** | 353 LUTZ LN | | **Acreage** | 1.0 | | SHEPHERDSVILLE KY 40165 |
| **District** | | 02-Southeast | | | | |
| **Brief Tax Description** | | 1 LT LUTZ LN | | | | |
| | | (Note: Not to be used on legal documents) | | | | |

Date created: 7/21/2023
Last Data Uploaded: 7/20/2023 8:35:26 PM

Developed by Schneider GEOSPATIAL