UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| James Kelly Kearney, | ) |
| Plaintiff, | ) Case No. 3:24-cv-299-CHB-RSE |
| v. | ) |
| Morgan & Pottinger, P.S.C., | ) |
| Defendant. | ) |

# Morgan & Pottinger, P.S.C. Reply in Support of Motion for Summary Judgment

Plaintiff James Kearney makes *no* effort in his 17-page response to create a genuine issue of fact that the debt incurred by his son, Kelly, and underlying his claim was *not* incurred for business purposes, specifically opening a used car lot. Instead, his entire response is based on the legal contention that the loan—despite unquestionably funding a business venture—qualifies as a "debt" under 15 U.S.C. §1692a(5) because it was *secured* by Kelly Kearney's personal residence.

That is not the law and none of the cases cited by Kearney support that contention. Instead, they all support the analysis applied in *Lewis v. Sole Law, PLLC*, No. 22-1918, 2023 U.S. App. LEXIS 30769, at *5 (6th Cir. Nov. 17, 2023). The determination of whether a debt qualifies under §1692a(5) is based on whether the obligation to pay arose from a transaction with a primarily business purpose or a primarily personal purpose, determined at the time the transaction was made. Some of the cases offered by Kearney address debts incurred to purchase property for personal residential purposes. In those cases, courts find that the debt qualifies under §1692a(5), as the loan proceeds were used to acquire personal assets. Other cases address loans taken out to acquire property for business and rental purposes.

301348068v.1

Consistent with *Lewis*, those courts find such borrowing does constitute not a "debt" under §1692a(5). Two cases proffered by Kearney do not make clear whether the real estate involved was a personal residence, but *none* of the cases offered by Kearney conclude that a loan used to fund a business, but secured by personal real estate, constitutes an "debt" under §1692a(5).

The one authority from the Supreme Court of the United States offered by Kearney is *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 470, 139 S. Ct. 1029, 1034 (2019). There's no doubt that the obligation to pay that the Court accepted as a "debt" under the Act was incurred in connection with acquiring a personal residence, as the Colorado notice provisions "at issue" in the case, Colo. Rev. Stat. § 38-38-102.5, apply only to "residential mortgage loans, which are defined as "a loan that is primarily for personal, family, or household use…." Colo. Rev. Stat. § 12-10-702. So, Mr. Obduskey did *not* use his loan proceeds to open a used car lot.

The claimants in *Reese v. Ellis, Painter, Ratterree & Adams LLP*, 678 F.3d 1211, 1214 (11th Cir. 2012) "live on a piece of property in Roswell, Georgia, that they purchased in 2004 with the help of a $650,000 loan" that was the subject of the litigation. Again, the obligation to pay was used to purchase a residence, which is unquestionably personal, household use. This is the same conclusion reached by the Sixth Circuit in *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 698 F.3d 290, 294 (6th Cir. 2012). At the time the obligation to pay was incurred in that matter, the proceeds were used to buy a condominium for use as a primary residence. That established the underlying debt as a qualifying transaction under §1692a(5), and the fact that the condominium was later rented out did not change that result. Indeed, the section of *Haddad* quoted by Kearney reaffirms that the "statute's definition of a 'debt' focuses on the transaction creating the obligation to

pay," which is "derived from the purchase transaction itself." *Haddad*, at 294. The purchase here was a used-car lot.

In *Smith v. EVB*, 438 F. App'x 176, 177 (4th Cir. 2011), the court concluded that a 2006 loan used to pay off debt encumbering what no party disputed was a personal residence created an obligation to pay for personal or household purposes. The court was careful to distinguish a 2004 loan that was paid off with the 2006 loan. The 2004 loan, while used to acquire the same personal residence, may have been fraudulently *described* as a business loan, but the question of what the proceeds were actually used for was not before the court and did not affect the decision. The *2006* loan created an obligation to pay back proceeds that were used to pay down obligations encumbering a personal residence, and thus qualified as "debt" under §1692a(5).

Likewise, in cases cited by Kearney where the obligation to pay arose out of the acquisition of business assets, the debt did not qualify under §1692a(5). In *Reinke v. Nw. Trs. Servs. (In re Reinke)*, Nos. 09-19609, 09-01541, 2011 Bankr. LEXIS 4142, at *44 (Bankr. W.D. Wash. Oct. 26, 2011), the court looked "to the substance of the transaction and the borrower's purpose in obtaining the loan, rather than the form alone," in confirming that a buyer of non-owner-occupied investment real estate cannot assert a claim under the FDCPA. *Id.*[1]

Two of the cases offered by Kearney do not explicitly state whether the proceeds of the loan in question were used to acquire a personal residence; *Daniels v. Select Portfolio Servicing, Inc.*, 34 F.4th 1260, 1264 (11th Cir. 2022) and *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006).[2] There is nothing in either

---

[1] The same result obtained in *Petsche v. EMC Mortg. Corp.*, 830 F. Supp. 2d 663, 673 (D. Minn. 2011) and *Fischer v. Fannie Mae*, 302 F. Supp. 3d 1327, 1332 (S.D. Fla. 2018).

[2] Even a review of District Court records doesn't provide clarity.

3

opinion that suggests that the transactions were anything other than purchase money mortgages but, more important, *neither* case discusses a transaction in which the loan proceeds were used for business purposes, while the obligation was secured by personal residence. So neither case supports Kearney's contention.

Morgan & Pottinger relies upon the Sixth Circuit opinion in *Lewis* because it properly states the analysis in determining whether an obligation is a "debt" under §1692a(5). The transaction is to be evaluated as of the time it occurred, and the court looks at what the borrower obtained with the money obtained in the transaction. *Lewis*, at 4–5. As explained by the court in *Reinke*, "the borrower's purpose in obtaining the loan, rather than the form" is dispositive. *Reinke*, at 44. If the purpose of the loan is to acquire a personal residence, the Act applies. *See Obduskey*. If it is to acquire a rental property or a used car lot, the Act does not apply. *See Reinke*. The form of the transaction, whether unsecured, a first mortgage, or a HELOC, is irrelevant, and no case cited by Kearney holds otherwise.

## Conclusion

It is not until page 15 of his response that James Kearney fully states the contention underlying his entire response; that the loan in question constitutes a debt solely because it was secured by personal residence, regardless of whether the funds were used for business purposes. That is not what 15 U.S.C. §1692a(5) says, and no case cited by Kearney comes to that conclusion. Instead, every case turns on the question of what the borrower spent the proceeds on. In this case, the borrower purchased a 50% interest in a used car lot. That is not a personal or household use, and the underlying obligation is not a "debt" under the Act. Defendant Morgan & Pottinger is thus entitled to summary judgment.

Respectfully submitted,

*/s/ John H. Dwyer, Jr.*

Marcia L. Pearson
John H. Dwyer, Jr.
J. Trey Shoemaker
Wilson Elser Moskowitz Edelman
   & Dicker, LLP
100 Mallard Creek Rd., Suite 250
Louisville, KY  40207
Telephone: (502) 238-8500
Email: marcia.pearson@wilsonelser.com
      john.dwyer@wilsonelser.com
      trey.shoemaker@wilsonelser.com
*Counsel for Defendant Morgan & Pottinger, P.S.C.*

301348068v.1